UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY D. BARKSDALE,

    PLAINTIFF,

v.                                              CASE NO. 06-10152

JO ANNE BARNHART, COMMISSIONER    HONORABLE SEAN F. COX
OF SOCIAL SECURITY,

    DEFENDANT.
_____/

## OPINION & ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This social security appeal is before the Court for consideration of Defendant's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Steven D. Pepe on December 29, 2006. In the R&R, Magistrate Judge Pepe recommends that this case be remanded for further administrative proceedings. For the reasons that follow, the Court overrules the objections filed by Defendant and shall adopt the R&R in its entirety.

## BACKGROUND

Plaintiff Nancy D. Barksdale brought this action under 42 U.S.C. §405(g) to challenge a final decision of the Social Security Commissioner denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

On March 17, 2006, Plaintiff filed a motion seeking a remand pursuant to sentence four.[1]

---

[1] There are two provisions in 42 U.S.C. §405(g) covering remands. These provisions are commonly referred to, for identification purposes, by their sentence number in §405(g). Sentence four of 42 U.S.C. §405(g) states that in reviewing Social Security determinations "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the

Plaintiff asserted three challenges to the Commissioner's decision which she believes warrant a remand: 1) the Administrative Law Judge ("ALJ") did not present the vocational expert with an accurate hypothetical question or construct a proper residual functional capacity (" RFC") because he failed to adequately account for Plaintiff's moderate difficulties in maintaining concentration, persistence and pace; 2) the ALJ erred in forming an accurate RFC of Plaintiff's ability by failing to properly consider her obesity; and 3) the ALJ erred in forming an accurate RFC of Plaintiff's ability by failing to properly consider the opinions of her treating physician, Dr. Chavey.

On June 8, 2006, Defendant filed a Motion for Summary Judgment asserting that substantial evidence supported the decision to deny Plaintiff benefits.

Both of the parties' motions were referred to Magistrate Judge Pepe pursuant to 28 U.S.C. §636(b)(1)(B) & (C).

On December 29, 2006, Magistrate Judge Pepe issued his R&R which recommends a remand for further administrative proceedings.[2]  In his R&R, Magistrate Judge Pepe concluded that the hypothetical question posed did not adequately accommodate Plaintiff's moderate limitations of concentration, persistence or pace.  He found no basis to reject the ALJ's RFC or hypothetical question because it lacked greater restrictions related to obesity.  Finally, he found that the ALJ did not give good reasons for discounting the opinions of Plaintiff's treating physician, and not including in the hypothetical, that Plaintiff is "rarely able to work greater than

cause for a rehearing."

[2]The underlying facts of this case are fully set forth in the R&R and will not be restated here.

15 hours a week" and would need to elevate her legs to waist level for 30% of an eight hour workday. Magistrate Pepe noted that after finding reversible error, it is appropriate to remand to an award of benefits only when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." (R&R at 25). In this case, however, he found that "all essential factual issues" have "*not* been resolved with regard to the impact of Plaintiff's physical limitations on her vocational capacity. Nor is the current case one where 'proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.'" (*Id.* at 26). He therefore recommended a remand for further administrative proceedings consistent with his R&R.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Defendant filed timely objections to the R&R on January 12, 2007. On January 22, 2007, Plaintiff filed her "Reply to Defendant's Objections to Magistrate's Report and Recommendation."

## ANALYSIS

In her Objections, Defendant challenges Magistrate Judge Pepe's reasons for recommending that the Court remand the case: 1) that Plaintiff's moderate concentration difficulties were not adequately accommodated in the residual functional capacity ("RFC") finding of the ALJ, who indicated in his decision that Plaintiff was unable to remember or carry

out detailed instructions; and 2) that the ALJ did not adequately explain the weight that he gave to the opinion of Plaintiff's treating doctor that Plaintiff could work only limited hours during the week and needed to elevate her legs for significant periods of time.

With respect to the first reason, Defendant asserts, with no citation to any authority, that "all jobs involve, to some extent, satisfying production requirements or quotas, as well as some stress, and that the ALJ could reasonably conclude that an exclusion of jobs involving 'detailed instructions' reasonably addressed these problems, as well as any problems Plaintiff might have with working at 'complex' tasks." The Court finds no merit to Defendant's objection and concurs with Magistrate Judge Pepe's conclusion that the hypothetical question posed did not adequately accommodate Plaintiff's moderate limitations of concentration, persistence or pace.

With respect to the second challenge, Defendant asserts that one of the documents Magistrate Judge Pepe relied on, wherein he stated that Plaintiff was rarely able to work more than 15 hours per week (Tr. at 370), "does not appear to represent the doctor's opinion" regarding Plaintiff's ability to work limited hours. Defendant suggests that statement may only be the doctor restating what he had been told by Plaintiff. Defendant further asserts that "[e]ven if Dr. Chavey's statement that Plaintiff could only rarely work more than fifteen hours in fact reflected the doctor's medical opinion, as opposed to Plaintiff's statements to the doctor, the ALJ's not mentioning that statement would constitute, at most, harmless error." (Def.'s Objs. at 3).

The Court disagrees. The ALJ did not include the 15 hours per week limitation, or her

4

need to elevate her legs for significant periods of time,[3] in the hypothetical question and gave no explanation whatsoever for any rejection of Dr. Chavey's statements regarding those limitations. To the contrary, the ALJ noted that his assessment was "essentially consistent with that of Dr. Chavey," (Tr. at 22) but he nevertheless failed to account for both the work-week limitation and the need for Plaintiff to elevate her legs. The Court therefore concludes that Defendant's second objection to the R&R also lacks merit.

## CONCLUSION & ORDER

Accordingly, the Court **ACCEPTS** and **ADOPTS** the December 29, 2006 R&R**. IT IS ORDERED** that this case is **REMANDED** for further administrative proceedings consistent with the R&R.

**IT IS SO ORDERED**.

      S/Sean F. Cox
      Sean F. Cox
      United States District Judge

Dated: February 9, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and the Social Security Administration on February 9, 2007, by electronic and/or ordinary mail.

      S/Jennifer Hernandez
      Case Manager

---

[3] In her Objections, Defendant did not challenge Dr. Chavey's statement that Plaintiff needs to elevate her legs 30% of an 8-hour work day as reflecting only Plaintiff's subjective reports to him, rather than his medical opinion regarding that limitation. Thus, even if the Court found merit to Defendant's objection relating to the work-week limitation, the R&R still found that the ALJ failed to take Dr. Chavey's opinion regarding the need to elevate Plaintiff's legs into consideration.